No. 26-1312

# In the
# United States Court of Appeals for the Third Circuit

IN RE CROSS-HOLDER AD HOC GROUP
AND EXCLUDED FIRST LIEN LENDERS
(EACH ON BEHALF OF ITS PARTICIPATING CLIENTS),

*Petitioners.*

## RESPONSE TO THE PETITION
## FOR A WRIT OF MANDAMUS TO THE BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY IN NO. 26-10910-MBK,
## HON. MICHAEL B. KAPLAN

Ray C. Schrock
Joseph Serino, Jr.
Candace M. Arthur
Zachary F. Proulx
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Ryan Preston Dahl
LATHAM & WATKINS LLP
330 North Wabash Avenue,
Suite 2800
Chicago, IL 60611
(312) 876-7700

Roman Martinez
Uriel Hinberg
Peter Prindiville
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
roman.martinez@lw.com

February 20, 2026

*Counsel for Clayton Dubilier & Rice LLC, on behalf of itself and its
affiliates and/or related entities, including CD&R Labels Holdings, L.P.,
Arawak XI, L.P., Arawak XI-A, L.P., CD&R Investment Associates XI, Ltd.,
and Clayton, Dubilier & Rice Fund XI (Credit Investor), Ltd.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ...................................................................................1

STATEMENT OF THE ISSUE................................................................4

STATEMENT OF THE CASE.................................................................5

      A.    The Chapter 11 Petitions .....................................................5

      B.    The First Day Hearings And Petitioners' Challenge To Venue...........7

      C.    Petitioners' Appeals From The DIP Order.........................................10

      D.    The Trustee's Motion To Dismiss And Norwood's Amended Petition...............................................................................11

ARGUMENT ........................................................................................11

I.    MANDAMUS RELIEF IS NOT APPROPRIATE ........................11

      A.    The Bankruptcy Court Did Not Commit A Clear Error Of Law ........12

      B.    There Is An Alternate Avenue For Adequate Relief...........................15

      C.    Petitioners Have Not Demonstrated That They Will Suffer Irreparable Injury Without Mandamus.................................................19

II.    EVEN IF MANDAMUS WERE APPROPRIATE WITH RESPECT TO VENUE, THE BANKRUPTCY COURT'S ORDERS SHOULD NOT BE VACATED ......................................................................19

CONCLUSION .....................................................................................22

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Argueta*,
207 F. App'x 233 (3d Cir. 2006) ........................................................................18

*In re Chamber of Commerce of United States of America*,
105 F.4th 297 (3d Cir. 2024) ..............................................................................20

*Cottman Transmissions Systems, Inc. v. Martino*,
36 F.3d 291 (3d Cir. 1994) .................................................................................21

*In re Diet Drugs Products Liabilty Litigation*,
418 F.3d 372 (3d Cir. 2005) ....................................................................1, 11, 12

*In re Gibson*,
423 F. App'x 385 (5th Cir. 2011) .......................................................................15

*Gillette v. Prosper*,
858 F.3d 833 (3d Cir. 2017) ...............................................................................20

*Harris Corp. v. National Iranian Radio & Television*,
691 F.2d 1344 (11th Cir. 1982) .........................................................................20

*Hayman Cash Register Co. v. Sarokin*,
669 F.2d 162 (3d Cir. 1982) ...............................................................................20

*In re Houghton Mifflin Harcourt Publishing Co.*,
474 B.R. 122 (Bankr. S.D.N.Y. 2012)................................................................20

*Johnson v. Johnson*,
644 B.R. 246 (N.D. Ga. 2022) ...........................................................................20

*In re Kensington International Ltd.*,
353 F.3d 211 (3d Cir. 2003) ...............................................................................15

*In re McGraw-Hill Global Education Holdings LLC*,
909 F.3d 48 (3d Cir. 2018) ...............................................................12, 15, 18

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*,
308 U.S. 165 (1939).............................................................................................20

**Page(s)**

*In re School Asbestos Litigation*,
    921 F.2d 1338 (3d Cir. 1990) ........................................................... 15

*United States v. Auernheimer*,
    748 F.3d 525 (3d Cir. 2014) ............................................................. 21

*In re Volkswagen of America, Inc.*,
    545 F.3d 304 (5th Cir. 2008) ............................................................ 17

*In re Whittaker Clark & Daniels Inc.*,
    152 F.4th 432 (3d Cir. 2025) ............................................................ 20

## STATUTES

28 U.S.C. § 158(d)(2)(A) ....................................................................... 10

28 U.S.C. § 1406(a) .............................................................................. 16

28 U.S.C. § 1408(1) ........................................................................... 5, 13

28 U.S.C. § 1408(2) ................................................................................ 5

## OTHER AUTHORITIES

Fed. R. Bankr. P. 1014(a)(1) ................................................................. 21

Fed. R. Bankr. P. 1014(a)(2) ............................................................ 16, 21

Fed. R. Bankr. P. 8007 ......................................................................... 18

Fed. R. Bankr. P. 9009(a) ....................................................................... 6

# INTRODUCTION

The mandamus petition is both legally meritless and procedurally premature. In the action below, the bankruptcy court made "an initial finding of proper venue" based on its review of the record, which included attestations related to statutory venue requirements made under penalty of perjury. A538. And, in response to Petitioners' objections, the court scheduled an evidentiary hearing to conclusively resolve the venue issue for this coming Thursday, February 26, 2026. Dkt. No. 277.[1] Petitioners will be fully heard in less than a week. Nonetheless, they seek a "drastic remedy . . . grant[ed] only in extraordinary circumstances" in an attempt to short-circuit the pending resolution of the venue question below. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). This Court should reject that gambit.

Petitioners must show they have a "clear and indisputable" right to mandamus. *Id.* at 379. The writ may issue only in "extraordinary circumstances," when the petitioner shows there has been error amounting to a "judicial usurpation of power." *Id.* at 378. Petitioners assert they have satisfied that high bar because the bankruptcy court's initial venue finding was premised on "facially defective venue allegations." Pet. 16. They base this theory on a single, blank box in Paragraph 4 of the form bankruptcy petition related to the location of a debtor's

---

[1]  "Dkt. No. _" refers to docket entries in the Lead Bankruptcy case, *In re Multi-Color Corporation*, No. 26-bk-10910-MBK.

principal assets.  Because that box was blank on the form of Debtor MCC Norwood ("Norwood"), Petitioners assert the bankruptcy court committed clear legal error in initially determining venue was proper.  On their theory, venue cannot lie in the District of New Jersey regardless what further evidence shows.

But that argument ignores the evidence before the bankruptcy court.  Apart from the blank box, Paragraph 11 of the bankruptcy petition—the portion of the form specifically focused on venue—includes an attestation submitted under penalty of perjury that the statutory venue requirements are satisfied.  As Norwood's counsel subsequently confirmed, the Paragraph 11 attestation reflected that Norwood's principal assets are located in the District of New Jersey.  A216; *see also* A538 (noting bankruptcy court considered this subsequent testimony "evidence"), which fixes venue for all of the Debtors, Norwood's affiliates.  Petitioners concede in their mandamus petition that the bankruptcy petition contained this attestation regarding the location of Norwood's assets, that this attestation was sworn, and that the bankruptcy court relied on the attestation in its initial venue finding.  And Petitioners concede that Norwood confirmed Paragraph 11's contents in court.  That admission should end the inquiry.  A court does not clearly legally err when it makes an initial determination of venue based on the sworn facts presented in the bankruptcy petition itself.  That is precisely what happened here.

Petitioners point to the blank box in Paragraph 4 on Norwood's standard bankruptcy petition, arguing that the Debtor's failure to list an address for the location of its principal assets necessarily means the assets are co-located with its principal place of business in Georgia.  As such, Petitioners argue that venue cannot be proper in New Jersey.  But as the Norwood has made clear, its sworn statement directly asserting venue in Paragraph 11 was based on the location of its property in New Jersey for a duration sufficient to satisfy the statutory venue requirement, as set forth in Paragraph 11 itself.  The blank box left in Paragraph 4 does not trump Debtor's assertion of venue based on the location of its assets in New Jersey in Paragraph 11.  It was appropriate—and certainly not plainly or indisputably wrong— for the bankruptcy court to credit the statement in Paragraph 11 and disregard the blank box for purposes of its initial venue determination, while scheduling a prompt evidentiary hearing so that any underlying factual disputes about venue can be fully aired.

Because their blank-box theory is meritless,  Petitioners have not shown clear legal error.  Nor have they carried their burden on the other two mandamus factors, each of which provides an additional, independent reason to deny their petition. They do not lack an alternate adequate avenue for relief and will not suffer irreparable injury because the bankruptcy court is holding a hearing on this very issue in less than a week.  If the bankruptcy court agrees with Petitioners that venue

is improper in the District of New Jersey, it can provide them with whatever relief they are they are entitled to.  And if the bankruptcy court disagrees with Petitioners, they will have an opportunity to seek appellate relief—including petitioning for mandamus if they think the court committed clear error—on a full factual record.

This case is thus fundamentally different from the various cases Petitioners cite, in which courts of appeals have granted mandamus relief to rectify erroneous venue rulings on the grounds that post-judgment appellate review is insufficient. Here, the bankruptcy court has made absolutely clear that it will conclusively resolve venue on a full evidentiary record before final confirmation.  No one will be harmed by waiting for that ruling.

Because Petitioners cannot show a clear and indisputable right to relief, the mandamus petition should be denied.

## STATEMENT OF THE ISSUE

Whether granting mandamus relief for allegedly improper venue in the bankruptcy court is appropriate when the bankruptcy court's initial venue finding reasonably rested on sworn statements in the bankruptcy petition and the bankruptcy court has scheduled a hearing in less than a week to decide contested legal and factual questions about venue.

## STATEMENT OF THE CASE

This petition arises from a group of Chapter 11 jointly administered bankruptcy cases commenced by Multi-Color Corporation—a label printing company—and many of its affiliates (collectively, "Debtors"). Petitioner Cross-Holder Ad Hoc Group is an ad hoc group of unsecured creditors. Petitioner Excluded First Lien Lenders is a group of secured creditors. Respondents Clayton Dubilier & Rice LLC and its affiliates are and sponsors of the Debtors' plan of reorganization.

### A.    The Chapter 11 Petitions

On January 29, 2026, the Debtors filed Chapter 11 petitions in the United States Bankruptcy Court for the District of New Jersey. A104-42; Dkt. Nos. 1, 3. In a corporate bankruptcy, venue generally lies in the district where the bankruptcy petitioner's "domicile, . . . principal place of business in the United States, or principal assets in the United States" have been located for the longest portion of the 180 days before the bankruptcy case is commenced. 28 U.S.C. § 1408(1). There is an exception, however, for corporate affiliates. When multiple affiliates file Chapter 11 petitions, so long as venue lies for one petitioner under 28 U.S.C. § 1408(1), it automatically lies for that petitioner's affiliates—even if those affiliates do not otherwise independently satisfy the venue requirements under 28 U.S.C. § 1408(1). *See id.* § 1408(2).

The Bankruptcy Code does not prescribe any specific form for a bankruptcy petition.  Nevertheless, the Bankruptcy Rules require Chapter 11 petitioners to use the Official Form "prescribed by the Judicial Conference of the United States," Fed. R. Bankr. P. 9009(a)—Official Form 201 ("Form") in the case of a non-individual debtor.  The Form includes a declaration "under penalty of perjury" by an authorized representative of the debtor that everything in the Form is "true and correct."  *See* A107.  The first few paragraphs seek identifying information about the debtor: Paragraphs 1 and 2 ask for the debtor's current name and any other names the debtor has recently used; Paragraph 3 asks for the debtor's federal Employer Identification Number; and Paragraph 4 asks for the address of the debtor's principal place of business, the debtor's mailing address (if different from principal place of business), and the address where the debtor's principal assets are located (if different from principal place of business).

The Form then shifts to questions that concern the debtor's business and the bankruptcy filing.  Paragraph 11 asks a high-level question about venue—"Why is the case filed in this district"—and requires the petitioner to check one of two boxes, indicating whether the basis for venue is that the "[d]ebtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district" ((the regular requirements for venue set forth in 28 U.S.C.

§ 1408(1)) or, alternatively, that "[a] bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district" (the affiliate exception set forth in 28 U.S.C. § 1408(2)).  *See* A106.

One of Debtors—Norwood—checked the box denoting that venue was proper in the District of New Jersey because "[Norwood] has had its domicile, principle place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district."  A145.  All the other Debtors checked the other box, indicating that venue was proper because "[a] bankruptcy case concerning debtor's affiliate . . . is pending in this district."  A106.  Thus, according to Debtors, venue is proper in the District of New Jersey for *all* of them because their affiliate Norwood satisfies the requirements of 28 U.S.C. § 1408.[2]

### B.    The First Day Hearings And Petitioners' Challenge To Venue

After a company files a Chapter 11 petition, it often files motions referred to as "First Day Motions," which seek immediate, emergency relief to allow the debtor to continue operating and avert a complete shutdown.  The bankruptcy court addresses such motions at a First Day Hearing, which is typically held a day or two after commencement of the case.  Here, the bankruptcy court held the First Day

---

[2]    Debtors' counsel later specified that the location of Norwood's principal assets was the reason Norwood checked the first box in Paragraph 11 of the Form. *See* A216; *infra* at 9.

Hearing on January 30, 2026, and February 2, 2026.  *See* A189-32 (Transcripts of First Day Hearings).

Right before the First Day Hearing, Petitioner Cross-Holder Ad Hoc Group filed a short motion to dismiss or transfer the Chapter 11 cases based on improper venue.  A182-88; *see also* A215 (Petitioner Excluded First Lien Lenders joining motion).  Although Norwood attested in its petition that it satisfied Section 1408(a)'s requirements for venue, the Ad Hoc Group nevertheless argued that "admissions" in Norwood's petition "prove that venue for the Chapter 11 Cases is improper in [the District of New Jersey]."  A184.  The motion did not even mention Norwood's sworn declaration in Paragraph 11.  Instead, the Ad Hoc Group argued that Norwood's petition "does not list any principal assets located in New Jersey" and that "neither the Disclosure Statement nor the First Day Declaration provide any support for venue in this District."  *Id.*

At the First Day Hearing, the Ad Hoc Group clarified that their venue argument was based on another part of Norwood's petition—paragraph 4.  Paragraph 4 of the Form, which is titled "Debtor's Address" asks for three addresses at the time of the petition: (1) principal place of business, (2) mailing address, if different from principal place of business, and (3) location of principal assets, if different from principal place of business.  A143.  Norwood's petition left the third address block blank.  *Id.*  The Ad Hoc Group asserted that this lack of an answer amounted to an

admission dispositively proving that Norwood's principal assets were *not* located in the District of New Jersey during the relevant period.  A211.

At the hearing, Debtors shed light on why Norwood checked the first box in Paragraph 11.  They explained that  Norwood's only "asset[s] of any value" are "two bank accounts that are held at ConnectOne Bank, which is a bank located in New Jersey," thereby satisfying "the principal assets test" in Section 1408(a).  A216. Debtors offered "to put on testimony to that effect" and acknowledged that, "to the extent there are concerns," the issue of venue may have to be "fully fleshed out" at a later hearing.  *Id.*

The bankruptcy court saw no reason to delay adjudication of "critical first-day matters."  A217-18.  The court concluded that there were sufficient grounds to preliminarily conclude that venue was proper "subject to further consideration and argument, consistent with [Petitioners'] reservation of rights."  A217-18, A220; *see also* A413 (noting that "based on the record to date, the Court finds venue as proper in this district, subject to a reservation of rights to further challenge venue").  The main focus of the hearing on January 29 was on the Debtors' interim, non-final motion for debtor-in-possession ("DIP") financing, which was critical for Debtors to continue to operate and which Petitioners opposed.

On the second day of the First Day Hearing—after approving interim DIP financing for the Debtors—the court emphasized that it was "important" to "resolve

the venue issue" before the final hearing on the Debtors' request for DIP financing, which was scheduled for March 3. A428. To that end, the court scheduled an evidentiary hearing on the venue motion for February 25, 2026, allowing the parties time to fully brief the issue and conduct relevant discovery. A429.[3]

### C.    Petitioners' Appeals From The DIP Order

On February 2 and 4, 2026, Petitioners filed notices of appeal from the bankruptcy court's Interim DIP Order to the district court. A433-42. On the same day, Petitioners also filed a joint request for the bankruptcy court to certify the Interim DIP Order for direct appeal to this Court. A444-52; *see* 28 U.S.C. § 158(d)(2)(A) (providing court of appeals with jurisdiction over appeal from an order of bankruptcy court if the bankruptcy court or district court certifies the order for direct appeal, and the court of appeals authorizes the direct appeal). Petitioners' certification request focused on venue, not the merits of the interim DIP financing. A447-51. In their view, the Interim DIP Order should be certified so that this Court can immediately resolve the underlying venue issue—even though the bankruptcy court already scheduled an evidentiary hearing on that very issue.

The bankruptcy court denied the certification request. A541. In doing so, it reiterated that "based on the record," it had made an "initial finding" that venue was

---

[3]    The evidentiary hearing has since been moved to February 26, 2026, at 11:00 am. *See* Dkt. No. 277.

proper but that it had previously scheduled a hearing on the motion to dismiss because it wanted to "afford the parties and the Court a full opportunity to develop a fulsome record."  A537-38.  The court emphasized that "it would be irresponsible to rely simply on . . . the existence of a blank . . . on a petition, without allowing the parties to truly put into evidence the facts that either warrant or do not warrant a finding of proper venue."  A539.

### D. The Trustee's Motion To Dismiss And Norwood's Amended Petition

On February 17, 2026, the Trustee signaled that it will participate in the venue hearing scheduled for next week by filing its own motion to dismiss or transfer the case based on improper venue.  *See* Dkt. Nos. 266-67.

On February 19, 2026, Norwood filed an amended bankruptcy petition.  *See In re MCC-Norwood, LLC*, No. 26-10909-MBK (Bankr. D.N.J. Feb. 19, 2026), Dkt. No. 6.  Paragraph 4 of the amended petition states that Norwood's principal assets are located at 301 Sylvan Ave, Englewood Cliffs, NJ 07632.  *Id.* at 1.

## ARGUMENT

## I.    MANDAMUS RELIEF IS NOT APPROPRIATE

"Mandamus provides a 'drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power.'"  *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005).  To secure relief, a party must demonstrate that its "right to the writ is clear and

indisputable." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 56 (3d Cir. 2018). Specifically, the party must demonstrate three things: "(1) a clear abuse of discretion or clear error of law; (2) a lack of an alternate avenue for adequate relief; and (3) a likelihood of irreparable injury." *Id.* Petitioners fail to carry their burden on each of the three elements.

### A.    The Bankruptcy Court Did Not Commit A Clear Error Of Law

Petitioners assert that mandamus relief is appropriate because the bankruptcy court "committed a clear error of law." Pet. 16. But showing a clear error of law is "a high bar." *McGraw-Hill*, 909 F.3d at 56-57. It "require[s] more than showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *Id.* at 57. That is because "[e]ven reversible error by itself is not enough to obtain mandamus." *Id.* "Instead, errors of law must 'at least approach[] the magnitude of an unauthorized exercise of judicial power, or a failure to use that power when there is a duty to do so.'" *Id.* (alteration in original). Put another way, petitioners must show that the bankruptcy court committed "'an act amounting to a judicial usurpation of power.'" *Diet Drugs*, 418 F.3d at 378. They do not come close to making that showing.

Petitioners argue that the bankruptcy court clearly erred because it made an initial finding that venue was proper in the District of New Jersey notwithstanding "facially defective venue allegations" in the bankruptcy petition. Pet. 16. In a

bankruptcy action, venue is proper in a district where the "principal assets" of a debtor "have been located for the one hundred and eighty days immediately preceding" the petition or in the district where the assets have been located "for a longer portion" of the preceding 180 days than in any other district.  28 U.S.C. § 1408(1).  Petitioners assert Debtor Norwood's form bankruptcy petition was facially defective because a single box in Paragraph 4 pertaining to the location of principle assets at the time of the petition was blank.  Paragraph 4 is titled "Debtor's address" and directs debtors to list the "[l]ocation of principal assets, if different from principal place of business."  A143.  Because this box was blank, Petitioners argue Norwood's principal assets must be in its principal place of business, which is in Georgia, and thus "the facts on the face of the [bankruptcy] petition defeat venue." Pet. 17.  On this theory, the bankruptcy court could not have made an initial venue finding because the District of New Jersey was a "facially improper venue."  *Id.* at 18; *see also id.* at 25 ("[T]he venue defect is especially clear: The Debtors' petition is invalid on its face").

This theory ignores the bankruptcy court's factfinding.  The bankruptcy court based its initial "finding of proper venue" on the "evidence" in Paragraph 11 of Norwood's petition.  A538.  Paragraph 11 is titled "Why is the case filed in *this* district?" and directly inquires of facts related to statutory venue requirements, including location of assets over the preceding 180 days.  A145.  The court noted

that the "petition [was] signed under penalty of perjury" and that in Paragraph 11, "the declarant swore that venue was proper." A538. Petitioners concede this point in their briefing before this Court. *See* Pet. 12 (bankruptcy court "confirmed" that a "ground[]" for its venue determination was "the checked conclusion in [Paragraph] 11 of Norwood's petition"). That concession resolves this mandamus petition. In its initial venue finding, the bankruptcy court did what all courts do when making factual findings. The court weighed the evidence properly before it—the Paragraph 11 attestation, the representation of counsel, and the blank Paragraph 4— and made a finding based on that record. This common act of judicial factfinding certainly cannot be clear legal error.

Before this Court, petitioners reprise their Paragraph 4 blank-box theory. The bankruptcy court considered and rejected that theory because it would be "irresponsible to rely simply on . . . the existence of a blank on a petition" to determine venue. A539. That reasoning was sound.[4] At bottom, Petitioners' assertion of clear legal error is foreclosed by the record and statute. Because Petitioners have not carried their burden, the petition must be denied.

---

[4] In any event, even if Paragraph 4 were dispositive of venue, Norwood has filed an amended petition which amends Paragraph 4 to note that its principal assets are in New Jersey. *See supra* at 11. That resolves any remaining uncertainty.

## B.    There Is An Alternate Avenue For Adequate Relief

A writ of mandamus is proper only when all three mandamus factors are satisfied.  Petitioners' failure to establish that the bankruptcy court committed a clear error is thus sufficient to defeat their petition, and this Court need not go further in its analysis.  But the petition independently fails because it does not establish that there is "a lack of an alternate avenue for adequate relief." *McGraw-Hill*, 909 F.3d at 56.  To the contrary, there is a clear alternate avenue for adequate relief: the bankruptcy court itself, which has scheduled an evidentiary hearing on the venue issue for next week and committed to resolving that issue soon after, followed by the potential for subsequent appellate review.  Petitioners' impatience does not justify mandamus.

"The *sine qua non* of entitlement to mandamus relief is that the party seeking the writ have no other adequate remedies." *In re School Asbestos Litig.*, 921 F.2d 1338, 1342 (3d Cir. 1990).  This Court has held that this requirement "cannot be met where a motion seeking . . . the same relief sought in the mandamus petition[] is pending in the district court." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003); *see In re Gibson*, 423 F. App'x 385, 389 (5th Cir. 2011) (denying mandamus relief because petitioners sought such relief "before [the district judge] had ruled on their motion to transfer"). *Kensington* resolves this case.

Petitioners seek a writ of mandamus directing the bankruptcy court to dismiss the Chapter 11 cases or transfer them to another venue. Pet. 3. But Petitioners have a motion pending in the bankruptcy court seeking exactly that relief—and the bankruptcy court has scheduled an evidentiary hearing on the venue question for next week. Pet. 10; *see supra* at 10. The evidentiary hearing, which will involve witnesses and argument, will provide the bankruptcy court with a complete factual record on which to finally decide the venue issue and resolve the pending motion to dismiss.

If, on that record, the bankruptcy court agrees with Petitioners that the District of New Jersey is an improper venue, it has full authority to provide Petitioners with whatever relief they are entitled to, including dismissing the Chapter 11 cases or transferring them to another venue. *See* 28 U.S.C. § 1406(a); Fed. R. Bankr. P. 1014(a)(2). And if the bankruptcy court rejects Petitioners' venue challenge, they can then seek appellate relief—either by seeking leave to appeal under 28 U.S.C. § 158, or, if they believe the court clearly erred, by filing a writ of mandamus at that time.

Critically, the bankruptcy court has committed to "resolv[ing] the venue issue in advance" of the final DIP hearing, which is currently scheduled for March 3, 2026, A428, and certainly well in advance of the plan confirmation hearing. Petitioners thus face no risk that the Chapter 11 cases will proceed to confirmation before the

venue question is resolved.  There is simply no need for this Court to step in and decide the venue issue now—on an incomplete factual record.  The bankruptcy court should be afforded the opportunity to decide the venue issue in the first instance, and to weigh in on the appropriate remedy if it concludes that venue does not lie in the District of New Jersey.

Petitioners have no explanation for why the bankruptcy court hearing is not an adequate avenue for relief.  Indeed, in arguing that "[t]here are no other means to attain adequate relief," they simply ignore the upcoming hearing.  Pet. 22-27.  This Court should not be led astray by Petitioners' effort to hide the ball.

Instead of addressing the impending hearing, Petitioners invoke various cases in which courts of appeals, including this Court, granted mandamus relief from erroneous transfer orders on the grounds that the "harm—inconvenience to witnesses, parties and others—will already have been done by the time the case is tried and appealed, and the prejudice suffered cannot be put back in the bottle."  Pet. 24 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc)); *see* Pet. 14-15, 22 (listing cases).  But by ignoring the upcoming hearing, Petitioners overlook a critical distinction between this case and every case they cite.

In all of those cases, the lower court had already issued a conclusive decision on venue and there was no indication that the court was planning to revisit that decision based on a full evidentiary record.  Because venue decisions are generally

17

interlocutory, the only potential avenue to obtain relief from the venue order was to file an appeal after final judgment. But because the harm suffered by litigating a case in an improper venue cannot typically be undone after final judgment, the possibility of a post-judgment appeal "is not an adequate alternative to obtain the relief sought." *McGraw-Hill*, 909 F.3d at 56. Under those circumstances, mandamus is the only adequate avenue for relief.

This case is fundamentally different. Petitioners need not wait until after the bankruptcy case to appeal and obtain relief. The bankruptcy court has scheduled a full evidentiary hearing on venue *next week* and is committed to ruling on venue at an early stage in the case. Petitioners can obtain whatever relief is appropriate through that hearing. And if Petitioners are unhappy with how the bankruptcy court rules, they are free to petition for a writ of mandamus then. Because there is still an adequate avenue for relief, mandamus is inappropriate at this time.[5]

---

[5] Petitioners seek vacatur of all orders the bankruptcy court entered after venue was challenged. Pet. 3. That remedy is improper, even if mandamus is appropriate. *See infra* at 19-21. Of course, Petitioners could have eliminated the need for any such relief by seeking stays of the bankruptcy court's orders while it pursued appeals. *See* Fed. R. Bankr. P. 8007. Indeed, Petitioners *have* appealed to the district court from the DIP Order—and have made clear in their joint request to have the DIP Order certified for immediate appeal to this Court that they will challenge that order based on their theory that venue is improper in the District of New Jersey. *See* A447-51. Petitioners have elected not to request a stay pending appeals of the DIP Order, nor even to appeal the other orders. Mandamus relief is not available to remedy Petitioners' own failure to act. *In re Argueta*, 207 F. App'x 233, 234 (3d Cir. 2006).

**C.     Petitioners Have Not Demonstrated That They Will Suffer Irreparable Injury Without Mandamus**

Petitioners falter again at the third mandamus factor, providing yet another reason to deny their petition.  The only irreparable harm argument Petitioners make tracks their argument about the availability of adequate alternative avenues of relief.  Specifically, Petitioners point to the "many circuits" that have granted mandamus relief from erroneous transfer orders on the grounds that post-judgment appellate relief cannot undo the harm of litigating a case to completion in an improper forum.  Pet. 27-28.  As explained, however, that argument overlooks that the bankruptcy court is holding an evidentiary hearing on venue next week, which makes this case fundamentally different from the run-of-the-mill case in which mandamus relief is sought for improper venue.  *Supra* at 17-18.  Accordingly, Petitioners' irreparable harm argument fails for the same reason as its adequate avenue of relief argument fails.  Petitioners do not need to leapfrog the bankruptcy court's venue determination to save themselves from irreparable harm.

**II.     EVEN IF MANDAMUS WERE APPROPRIATE WITH RESPECT TO VENUE, THE BANKRUPTCY COURT'S ORDERS SHOULD NOT BE VACATED**

Even if Petitioners were right about venue and the need for mandamus relief, there is no basis for this Court to grant their extraordinary request to vacate all "'first-day' and subsequent orders entered in the cases." Pet. 3.  For one thing, Petitioners do not come close to establishing a "'clear and indisputable'" right to such relief.

*Gillette v. Prosper*, 858 F.3d 833, 841 (3d Cir. 2017).  There is no rule that orders issued by a court where venue does not lie are automatically void or that they should be vacated.  "Venue is not a jurisdictional prerequisite and its presence or absence does not affect a court's authority to adjudicate." *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1349 (11th Cir. 1982) (citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-68 (1939)); *see also In re Whittaker Clark & Daniels Inc.*, 152 F.4th 432, 443 (3d Cir. 2025); *see also* Pet. 18 (appearing to acknowledge that venue and jurisdiction are distinct concepts).  Accordingly, any "identified defects of venue would not affect the validity of the Bankruptcy Court's . . . order[s]." *Johnson v. Johnson*, 644 B.R. 246, 252 (N.D. Ga. 2022); *see In re Houghton Mifflin Harcourt Publ'g Co.*, 474 B.R. 122, 125 (Bankr. S.D.N.Y. 2012) (refusing to stay reorganization plan's effective date because of venue concerns).

Petitioners are thus wrong to invoke a supposed categorical rule that "[w]hen venue is successfully challenged, vacatur is appropriate."  Pet. 15.  Indeed, Petitioners' own cases strongly indicate that no such rule exists.  Two cases—*In re Chamber of Commerce of United States of America*, 105 F.4th 297, 300 (3d Cir. 2024) and *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 170 (3d Cir. 1982)—involved vacatur of an improperly granted transfer order.  Of course, a transfer order can—and should—be vacated if it is found to be legally unsound.  Another case—

*United States v. Auernheimer*, 748 F.3d 525, 539 (3d Cir. 2014)—involved vacatur of a criminal conviction, which presented unique constitutional issues because "'if venue is improper no constitutionally valid verdict could be reached regardless of the [potentially] overwhelming evidence against the defendant.'"  And Petitioners' last case—*Cottman Transmissions Sys., Inc. v. Martino*, 36 F.3d 291, 297 (3d Cir. 1994)—concluded that vacatur of the district court's judgment was in the "interest of justice" only because the judgments were obtained by default and thus "proceeding with the case in an improper forum had a substantially detrimental effect on defendants."  Petitioners' cases do not support a categorical rule of vacatur, and certainly not with respect to interim, emergency orders entered by a bankruptcy court to allow a debtor to continue to function during its bankruptcy.

## CONCLUSION

This Court should deny the petition.

Dated:  February 20, 2026

Respectfully submitted,

_ s/ Roman Martinez _

Ray C. Schrock
Joseph Serino, Jr.
Candace M. Arthur
Zachary F. Proulx
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Ryan Preston Dahl
LATHAM & WATKINS LLP
330 North Wabash Avenue,
Suite 2800
Chicago, IL 60611
(312) 876-7700

Roman Martinez
Uriel Hinberg
Peter Prindiville
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
roman.martinez@lw.com

*Counsel for Clayton Dubilier & Rice LLC, on behalf of itself and its affiliates and/or related entities, including CD&R Labels Holdings, L.P., Arawak XI, L.P., Arawak XI-A, L.P., CD&R Investment Associates XI, Ltd., and Clayton, Dubilier & Rice Fund XI (Credit Investor), Ltd.*

# COMBINED CERTIFICATIONS

## I.    CERTIFICATE OF BAR MEMBERSHIP

I, Roman Martinez, counsel for debtor, hereby certify pursuant to Third Circuit Rule 28.3(d) that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

## II.    CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing court-ordered response complies with the word limit in Federal Rule of Appellate Procedure 21(d).  This response contains 5,072 words as counted using the word-count feature in Microsoft Word, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f). This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 and 14-point Times New Roman font.

## III.    CERTIFICATE OF IDENTICAL BRIEFS

Pursuant to Third Circuit Rule 31.1(c), I certify that the text of the electronic and hard copy forms of this response are identical.

## IV.    CERTIFICATE OF VIRUS CHECK

Pursuant to Third Circuit Rule 31.1(c), I certify that a virus check of the electronic PDF version of this response was performed using Microsoft Defender Antivirus (last updated February 20, 2026), and according to that program no virus was detected.

*s/ Roman Martinez*
Roman Martinez

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, I filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system.  All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

*s/ Roman Martinez*
Roman Martinez